Matter of Pascall v Poole (2018 NY Slip Op 00099)





Matter of Pascall v Poole


2018 NY Slip Op 00099


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


102227/15 5389

[*1] In re Bernadette Pascall, Petitioner-Appellant,
v
Sheila J. Poole, etc., et al., Respondents-Respondents.


Seymour W. James, Jr., The Legal Aid Society, Brooklyn (Lester Helfman and John Bryant of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Eric R. Haren of counsel), for State respondent.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for City respondent.



Determination of respondent New York State Office of Children and Family Services (OCFS), dated August 20, 2015, made after a fair hearing, which affirmed the decision of respondent New York City Administration for Children's Services (ACS) denying petitioner's application for retroactive foster care benefits at the "exceptional" rate for the period of September 25, 2012 through July 30, 2014, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Jaffe, J.], entered September 21, 2016), dismissed, without costs.
The OCFS's determination that the child did not meet the relevant criteria to qualify for "exceptional" rate foster care payments during the first 22 months she was in the foster mother's care is supported by substantial evidence, and is not arbitrary and capricious. It is undisputed that during this time no qualified psychiatrist or psychologist certified that the child had severe behavioral problems that required high levels of individualized supervision in the home (18 NYCRR 427.6[d][3]), and that no physician had certified that she required around-the-clock care or had been diagnosed by a physician with a qualifying illness such as autism (18 NYCRR 427.6[d][2], [d][4]). The child was diagnosed with autism by a physician, her pediatrician, in July of 2014, and respondents correctly found that she was entitled to exceptional rate benefits following the time she was diagnosed (18 NYCRR 427.6[d][4]). In the absence of a diagnosis from the time the child was placed with the foster mother until the time of her diagnosis 22 months later, however, respondents correctly denied the foster mother's application for [*2]exceptional rate benefits (id.; Matter of Sulker v Johnson, 60 AD3d 411, 411 [1st Dept 2009]).
We have considered the remainder of petitioner's contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK